D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NOT FOR PRINT OR
ELECTRONIC PUBLICATION

------------------------------------------------------------x
KEVIN B. McINTYRE,

                                        Plaintiff,

                    -against-

ARMOR CORRECTIONAL HEALTH, INC.;
SHERIFF SPIZZATO; and NASSAU
COUNTY SHERIFF'S DEPARTMENT,

                                        Defendants.
------------------------------------------------------------x
FEUERSTEIN, J.

**MEMORANDUM AND ORDER**

11-CV-6388 (SJF)(GRB)

**FILED**
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★    FEB 1 6 2012    ★

LONG ISLAND OFFICE

I.    Introduction


On December 28, 2011, incarcerated pro se plaintiff Kevin McIntyre ("plaintiff") filed

this action pursuant to 42 U.S.C. § 1983 against defendants Armor Correctional Health, Inc.,

Nassau County Sheriff Michael Sposato ("Sposato"),[1] and the Nassau County Sheriff's

Department. Accompanying the complaint is an application to proceed in forma pauperis. Upon

review of the declaration accompanying plaintiff's application, the Court finds that plaintiff's

financial status qualifies him to commence this action without the prepayment of the filing fees.

See 28 U.S.C. § 1915(a)(1). The application to proceed in forma pauperis is therefore granted.

However, for the reasons discussed herein, the complaint is sua sponte dismissed unless, as set

forth below, plaintiff files an amended complaint within thirty (30) days from the date this order

is served upon him.

---

[1] Plaintiff identifies this defendant at various times as "Sheriff Spizzato" and "Sheriff
Spazzito." The Court understands him to refer to Nassau County Sheriff Michael Sposato.

II.    Background

The instant complaint is at least the fifth that plaintiff has filed since June 9, 2011. Plaintiff's prior actions name a number of the same or related defendants, including the Nassau County Correctional Center, Armor Correctional Health, Inc., the Nassau County Sheriff's Office, as well as members of the medical and security staff working at the Nassau County Correctional Center and Nassau University Medical Center. Three of the four previous actions have been consolidated under the "lead case" of McIntyre v. Nassau Health Care Corp., et al. (Docket No. 11–CV–2791).[2] By order dated February 13, 2012, this Court dismissed the fourth action. See McIntyre v. NuHealth, et al. (Docket No. 11-CV-3934).

In the instant complaint, plaintiff alleges that he was denied adequate medical treatment for "excruciating pain in [his] lower back" while incarcerated at Nassau County Correctional Center. [Docket Entry No. 1] ("Complaint") at ¶¶ IV, IV.A. Plaintiff states that he "submitted numerous sick calls," and that "if [he] was called" for a medical examination, the examination was conducted by nurses, not by physicians. Id. at ¶ IV. He further states that his requests for MRI and x-ray examinations were denied, and that he "wasn't prescribed anything more than tylenol or flexiril [sic] for a short period of time which did little to no help." Id. at ¶ IV.A. Plaintiff seeks $750,000 in compensatory damages as well as an investigation of "this new company." Id. at V.

---

[2]  See McIntyre v. Nassau Health Care Corp., et al. (Docket No. 11–CV–2791); McIntyre v. Nassau University Medical Center, et al. (Docket No. 11-CV-2792); McIntyre v. Armor Correctional Health Inc., et al. (Docket No. 11-CV-3181).

III.    Discussion

A.    In Forma Pauperis Application

Plaintiff's financial status, as set forth in the declaration in support of his application to proceed in forma pauperis, qualifies him to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Accordingly, plaintiff's application to proceed in forma pauperis is granted.

B.    Standard of Review

Under 28 U.S.C. § 1915A, a district court "shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). A district court shall dismiss a prisoner complaint sua sponte if the complaint "is frivolous, malicious, or fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); see also Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007).

It is axiomatic that pro se complaints are held to less stringent standards than pleadings drafted by attorneys. The Court is required to read the plaintiff's pro se complaint liberally, and to construe it "to raise the strongest arguments" suggested. Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (quoting Harris v. City of New York, 607 F.3d 18, 24 (2d Cir. 2010)). Furthermore, at this stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 129

3

S.Ct. 1937, 1949–50, 173 L.Ed.2d 868 (2009)).

A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949 (citations omitted). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555).

C.    Section 1983

Section 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983 (2000). To state a Section 1983 claim, a plaintiff must allege that the challenged conduct was "committed by a person acting under color of state law," and that the conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010). Section 1983 does not create any independent substantive rights; but rather is a vehicle to "redress . . . the deprivation of rights established elsewhere." Thomas v. Roach, 165 F.3d 137, 142 (2d Cir.1999); see also Rosa R. v. Connelly, 889 F.2d 435, 440 (2d Cir. 1989).

Prisoners and detainees have constitutionally protected rights to receive adequate food,

clothing, shelter, medical care, and security. Farmer v. Brennan, 511 U.S. 825, 832, 114 S.Ct. 1970, 1976, 128 L.Ed.2d 811 (1994). Humane conditions of confinement are guaranteed by the Eighth Amendment's prohibition on cruel and unusual punishment of convicted prisoners. Id. "[A] person detained prior to conviction receives protection against mistreatment at the hands of prison officials under the Due Process Clause of the Fifth Amendment if the pretrial detainee is held in federal custody, or the Due Process Clause of the Fourteenth Amendment if held in state custody." Caiozzo v. Koreman, 581 F.3d 63, 69 (2d Cir. 2009). These constitutional guarantees protect prisoners and detainees from "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) (establishing the "deliberate indifference" standard for convicted prisoners under the Eighth Amendment); see also Caiozzo, 581 F.3d at 72 ("Claims for deliberate indifference to a serious medical condition or other serious threat to the health or safety of a person in custody should be analyzed under the same standard irrespective of whether they are brought under the Eighth or Fourteenth Amendment.")

For a prisoner's medical claim to rise to the level of a constitutional deprivation, the prisoner or detainee must show that he was "actually deprived of adequate medical care" and that "the inadequacy in medical care is sufficiently serious." Salahuddin v. Goord, 467 F.3d 263, 279-80 (2d Cir. 2006). The plaintiff must also show that the official "knows that inmates [or detainees] face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer, 511 U.S. at 847.


        1.     Claims Against Sposato

In order for a plaintiff to state a claim for relief under Section 1983, he must allege the

personal involvement of a defendant in the purported constitutional deprivation. Farid v. Ellen,
593 F.3d 233, 249 (2d Cir. 2010) (citing Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006)).
"Personal involvement" may be established by evidence of direct participation by the defendant
in the challenged conduct, or by evidence of a supervisory official's "(1) failure to take corrective
action after learning of a subordinate's unlawful conduct, (2) creation of a policy or custom
fostering the unlawful conduct, (3) gross negligence in supervising subordinates who commit
unlawful acts, or (4) deliberate indifference to the rights of others by failing to act on information
regarding the unlawful conduct of subordinates." Hayut v. State University of New York, 352
F.3d 733, 753 (2d Cir. 2003). "The fact that [a defendant] was in a high position of authority is
an insufficient basis for the imposition of personal liability." Al-Jundi v. Estate of Rockefeller,
885 F.2d 1060, 1065 (2d Cir. 1989). Indeed, "a plaintiff must plead that each
Government-official defendant, through the official's own individual actions, has violated the
Constitution." Iqbal, 129 S.Ct. at 1948. A complaint based on a violation under Section 1983
that does not allege facts establishing the personal involvement of a defendant fails as a matter of
law. See Costello v. City of Burlington, 632 F.3d 41, 48-49 (2d Cir. 2011); Connelly, 889 F.2d
at 437.

Plaintiff has not alleged the direct participation of defendant Sposato in any of the
wrongdoing alleged in his complaint, nor any basis upon which to find him liable in a
supervisory capacity. Indeed, apart from the caption, this defendant is not even mentioned in the
complaint. Furthermore, plaintiff does not identify any employee of the Armor Correctional
Health, Inc., the Nassau County Sheriff's Department, or any other entity personally involved in
the alleged constitutional deprivations. Accordingly, plaintiff's Section 1983 claims against the

6

individual defendants are dismissed in their entirety with prejudice unless plaintiff files an amended complaint alleging a constitutional deprivation and the personal involvement of any individual defendant within thirty (30) days from the date this order is served upon him.

### 2. Claims against the Nassau County Sheriff's Department

"[U]nder New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and therefore, cannot sue or be sued." Davis v. Lynbrook Police Dep't, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002); see also In re Dayton, 786 F. Supp. 2d 809, 818-19 (S.D.N.Y. 2011); Hawkins v. Nassau County Correctional Facility, 781 F. Supp. 2d 107, 109 n.1 (E.D.N.Y. 2011); Carthew v. County of Suffolk, 709 F. Supp. 2d 188, 195 (E.D.N.Y. 2010). Since the Nassau County Sheriff's Department is an administrative arm of Nassau County, without a legal identity separate and apart from the County, it lacks the capacity to be sued. Accordingly, plaintiff's claims against the Sheriff's Department are dismissed in their entirety with prejudice.

Although the Court could construe plaintiff's claims as claims against Nassau County, the Supreme Court has permitted Section 1983 suits against municipalities only if a plaintiff can show that a municipal policy or custom caused the deprivation of his or her constitutional rights. See Monell v. Dep't of Social Servs. of City of New York, 436 U.S. 658, 690-91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). In order to allege a plausible Section 1983 claim against a municipality, a plaintiff must allege an "injury to a constitutionally protected right . . . that . . . was caused by a policy or custom of the [municipality or municipal entity] responsible for establishing final policy." Hartline v. Gallo, 546 F.3d 95, 103 (2d Cir. 2008) (internal quotations and citation

omitted); see also Monell, 436 U.S. at 690-91; Roe v. City of Waterbury, 542 F.3d 31, 36 (2d Cir. 2008). "A municipality may be liable under § 1983 only if the governmental body itself subjects a person to a deprivation of rights or causes a person to be subjected to such deprivation." Cash v. County of Erie, 654 F.3d 324, 333 (2d Cir. 2011) (internal quotation marks and citations omitted). A municipality, municipal entity, or public benefit corporation cannot be held liable under Section 1983 on a respondeat superior theory. See Monell, 436 U.S. at 691; see also Connick v. Thompson, --- U.S. ----, 131 S.Ct. 1350, 1359, 179 L.Ed.2d 417 (2011) (holding that under Section 1983, governmental bodies are not vicariously liable for their employees' actions); Los Angeles County, California v. Humphries, --- U.S. ----, 131 S.Ct. 447, 452, 178 L.Ed.2d 460 (2010) ("[A] municipality cannot be held liable solely for the acts of others, e.g., solely because it employs a tortfeasor." (internal quotation marks and citation omitted)).

To prevail on a Section 1983 claim against a municipal entity, a plaintiff must show: "(1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury." Roe, 542 F.3d at 36; see also Connick, 131 S.Ct. at 1359 ("Plaintiffs who seek to impose liability on local governments under Section 1983 must prove that 'action pursuant to official municipal policy' caused their injury." (quoting Monell, 436 U.S. at 691)); Humphries, 131 S.Ct. at 452 ("[A] municipality may be held liable when execution of a government's policy or custom ... inflicts the injury." (emphasis in original) (quotations and citation omitted)). "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." Connick, 131 S.Ct. at 1359. In addition, "[i]n limited

8

circumstances, a [municipal entity's] decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of Section 1983." Id. "To satisfy [Section 1983], a municipality's failure to train its employees in a relevant respect must amount to deliberate indifference to the rights of persons with whom the untrained employees come into contact." Id. (internal quotations, alterations and citation omitted).

In this case, plaintiff has not alleged: (1) the existence of a formal policy that is officially endorsed by Nassau County; (2) actions taken or decisions made by County officials with final decision-making authority that caused the alleged violations of his civil rights; (3) a County practice so persistent and widespread that it constitutes a custom of which constructive knowledge and acquiescence can be implied on the part of policymaking officials of those entities; or (4) a failure by County policymakers to properly train or supervise their subordinates, amounting to "deliberate indifference" to the rights of those who come in contact with its employees. Accordingly, any potential claims against Nassau County are dismissed with prejudice, unless plaintiff files an amended complaint alleging a constitutional violation and stating plausible Monell claims against Nassau County, within thirty (30) days from the date this order is served upon him.


3.    Claims Against Armor Correctional Health, Inc.

Plaintiff names Armor Correctional Health, Inc. as a defendant, but does not include any specific allegations against this company. The Court's research indicates that Armor Correctional Health, Inc. is a private company contracted to perform medical services for inmates

9

at the Nassau County Correctional Center. A private employer may be held liable under Section 1983 for the acts of its employees where the employee acted pursuant to the employer's official policy, or where the private entity employer was jointly engaged with state officials or its conduct is chargeable to the state, or where the employer authorized or participated in the alleged constitutional deprivation. White v. Moylan, 554 F. Supp. 2d 263, 268 (D. Conn. 2008); Martin v. Lociccero, 917 F. Supp. 178, 184 (W.D.N.Y. 1995). However, plaintiff has not alleged any factors that could make Armor Correctional Health Inc. liable for the actions of its employees. Accordingly, his claims against this defendant are dismissed with prejudice, unless he files an amended complaint alleging an official policy or authorization of conduct rising to the level of a constitutional violation, within thirty (30) days from the date this order is served upon him.

IV.     Conclusion

        For the foregoing reasons, it is hereby:

        **ORDERED** that plaintiff's application to proceed in forma pauperis is granted; and it is further,

        **ORDERED** that plaintiff's claims are sua sponte dismissed with prejudice unless plaintiff files an amended complaint in accordance with this order within thirty (30) days from the date this order is served upon him. The amended complaint must be titled "Amended Complaint" and bear docket number 11–CV–6388 (SJF)(GRB); and it is further,

        **ORDERED** that, if plaintiff seeks to bring additional, related claims against the defendants named in civil actions 11-CV-2791, 11-CV-2792, 11-CV-3181, or 11-CV-6388,

plaintiff shall seek leave to amend his complaint pursuant to Fed. R. Civ. P. 15, rather than commence a separate civil action.

The Clerk of Court shall, pursuant to Rule 77(d)(1) of the Federal Rules of Civil Procedure, serve this order upon all parties, including mailing a copy of this order to plaintiff's address of record. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444–45, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

**SO ORDERED.**

s/ Sandra J. Feuerstein

Sandra J. Feuerstein
United States District Judge

Dated:      February 16, 2012
            Central Islip, New York